**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> EXELON GENERATION CO., <br><br><br> Defendant. | Civil Action No. 20-cv-03983 <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), allege the following as and for their complaint against Exelon Generation Co., ("Defendant"):

## INTRODUCTION

1. Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for willful infringement of Plaintiffs' registered copyrights.

## THE PARTIES

2. Plaintiff EIG is a Delaware corporation with its principal place of business located at 270 Madison Avenue, Suite 302, New York, New York 10016.

3. Plaintiff EIG UK is a United Kingdom limited company with its principal place of business located at Interpark House, 7 Down Street, London, W1J 7AJ United Kingdom.

4.     Upon information and belief, Defendant Exelon Generation Co., is a Pennsylvania corporation with a place of business at 4300 Winfield Road, Warrenville, Illinois 60555.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act.  Additionally, the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases. 28 U.S.C. § 1338(a).

6.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is present and doing business in this District, and the acts of copyright infringement alleged herein took place in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTUAL BACKGROUND

### A.     Plaintiffs' Publications

8.     Plaintiffs, and their predecessors-in-interest, have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for nearly seventy years. In particular, Plaintiffs and their predecessors-in-interest have published the weekly newsletter *Nuclear Intelligence Weekly* ("NIW") since 2011.  A representative copy of the March 15, 2019 issue of NIW is attached hereto as Exhibit A (the "March 15, 2019 Registered NIW Work").

9.     The audience for Plaintiffs' publications, including NIW, consists of individuals with an interest in the global energy and power industries, including securities brokers and dealers, consultants, bankers, investors, stock market analysts, traders, commodity analysts, and others who follow or work in these industries or sell goods and services to those in or following these industries.

10.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the nuclear power, natural gas and related industries through NIW and their other publications. Plaintiffs have invested significant time and resources to create their publications, including NIW.

11.     Plaintiffs' publications do not feature or have any advertisements or sponsors in order to ensure journalistic integrity and objective reporting.  Plaintiffs are, therefore, dependent on paid subscriptions to sustain the viability of their publications.

12.     Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

13.     The copyrighted, original content and analysis created by Plaintiffs included in their publications are valuable copyrighted works and publication assets of Plaintiffs.  In addition to NIW, Plaintiffs also publish other original publications, including, but not limited to:

EI Finance;
EI New Energy;
EI New Energy Data Source;
Energy Compass;
Energy Intelligence Briefing;
International Oil Daily;
Jet Fuel Intelligence;
LNG Intelligence;
Natural Gas Week Data Source;
NGW's Gas Market Reconnaissance;
Nefte Compass;
Nefte Compass Data Source;
Oil Daily;
Oil Market Intelligence;
Oil Market Intelligence Data Source;
Petroleum Intelligence Weekly;
Petroleum Intelligence Weekly Data Source; and
World Gas Intelligence Data Source.

14.     Plaintiffs have developed an exemplary reputation for their high journalistic standards and the reliability of the content of all their publications, including the EIG Publications.

15.     In order for third parties to regularly benefit from Plaintiffs' analytical and creative content contained in NIW and Plaintiffs' other publications, Plaintiffs offer various subscriptions to interested parties to access the valuable content contained therein.

16.     Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain NIW and Plaintiffs' other publications by email and/or from Plaintiffs' website, which permits password-protected access to archived and/or current issues, pursuant to a subscription or license agreement. Plaintiffs' website also provides the individual articles in Plaintiffs' publications separately from the publication.

17.     Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in NIW and Plaintiffs' other publications, as well as archived articles, by using Plaintiffs' pay-per-article service. The license fee per article, per copy, is $24.00 for articles appearing in NIW. The total license fee for this pay-per-article service is the per-article price multiplied by the number of copies of the requested article.

18.     Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of NIW including EIG Publications, as well as archived issues, from Plaintiffs using Plaintiffs' pay-per-issue service. The license fee per issue, per copy, is $395.00 for NIW. The total license fee for this pay-per-issue service is the per-issue price multiplied by the number of copies of the requested issue.

**B.     Plaintiffs' NIW Copyrights**

19.      Plaintiffs are the exclusive copyright owners in, and to, numerous original works of

authorship including, without limitation, the issues of the Registered NIW Works and the articles

which are contained therein and independently available.

20.      Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for the following issues of NIW (hereinafter collectively referred to as

the "Registered NIW Works"), attached hereto as Exhibit B:

- No. TX 7-617-881 for Volume 5 covering 4 collective works and the articles contained therein published in November 2011;
- No. TX 7-617-865 for Volume 5 covering 3 collective works and the articles contained therein published in December 2011;
- No. TX 7-616-146 for Volume 6 covering 5 collective works and the articles contained therein published in January 2012;
- No. TX 7-616-133 for Volume 6 covering 3 collective works and the articles contained therein published in February 2012;
- No. TX 7-574-386 for Volume 6 covering 5 collective works and the articles contained therein published in March 2012;
- No. TX 7-625-294 for Volume 6 covering 4 collective works and the articles contained therein published in April 2012;
- No. TX 7-630-804 for Volume 6 covering 4 collective works and the articles contained therein published in May 2012;
- No. TX 7-633-342 for Volume 6 covering 5 collective works and the articles contained therein published in June 2012;
- No. TX 7-660-942 for Volume 6 covering 4 collective works and the articles contained therein published in July 2012;
- No. TX 7-615-855 for Volume 6 covering 5 collective works and the articles contained therein published in August 2012;
- No. TX 7-614-525 for Volume 6 covering 4 collective works and the articles contained therein published in September 2012;
- No. TX0 8-054-637 for Volume 6 covering 4 collective works and the articles contained therein published in October 2012;
- No. TX0 8-054-644 for Volume 6 covering 5 collective works and the articles contained therein published in November 2012;

- No. TX 7-688-976 for Volume 6 covering 3 collective works and the articles contained therein published in December 2012;

- No. TX 7-690-160 for Volume 7 covering 4 collective works and the articles contained therein published in January 2013;

- No. TX 7-707-508 for Volume 7 covering 4 collective works and the articles contained therein published in February 2013;

- No. TX 7-710-852 for Volume 7 covering 5 collective works and the articles contained therein published in March 2013;

- No. TX 7-729-286 for Volume 7 covering 4 collective works and the articles contained therein published in April 2013;

- No. TX 7-732-033 for Volume 7 covering 5 collective works and the articles contained therein published in May 2013;

- No. TX 7-731-757 for Volume 7 covering 4 collective works and the articles contained therein published in June 2013;

- No. TX 7-759-281 for Volume 7 covering 4 collective works and the articles contained therein published in July 2013;

- No. TX 7-759-211 for Volume 7 covering 5 collective works and the articles contained therein published in August 2013;

- No. TX 7-893-781 for Volume 7 covering 4 collective works and the articles contained therein published in September 2013;

- No. TX 7-808-554 for Volume 7 covering 4 collective works and the articles contained therein published in October 2013;

- No. TX 7-954-985 for Volume 7 covering 4 collective works and the articles contained therein published in November 2013;

- No. TX 7-808-956 for Volume 7 covering 4 collective works and the articles contained therein published in December 2013;

- No. TX 7-875-053 for Volume 8 covering 5 collective works and the articles contained therein published in January 2014;

- No. TX 7-891-016 for Volume 8 covering 4 collective works and the articles contained therein published in February 2014;

- No. TX 7-927-119 for Volume 8 covering 4 collective works and the articles contained therein published in March 2014;

- No. TX 7-891-074 for Volume 8 covering 4 collective works and the articles contained therein published in April 2014;

- No. TX 7-941-640 for Volume 8 covering 5 collective works and the articles contained therein published in May 2014;

- No. TX 7-942-610 for Volume 8 covering 4 collective works and the articles contained therein published in June 2014;

- No. TX 7-934-520 for Volume 8 covering 4 collective works and the articles contained therein published in July 2014;

- No. TX 7-943-778 for Volume 8 covering 5 collective works and the articles contained therein published in August 2014;

- No. TX 7-958-698 for Volume 8 covering 4 collective works and the articles contained therein published in September 2014;

- No. TX 8-060-069 for Volume 8 covering 5 collective works and the articles contained therein published in October 2014;

- No. TX0 7-985-559 for Volume 8 covering 3 collective works and the articles contained therein published in November 2014;

- No. TX0 7-993-971 for Volume 8 covering 4 collective works and the articles contained therein published in December 2014;

- No. TX 8-445-113 for Volume 9 covering 5 collective works and the articles contained therein published in January 2015;

- No. TX 8-445-115 for Volume 9 covering 4 collective works and the articles contained therein published in February 2015;

- No. TX 8-445-119 for Volume 9 covering 4 collective works and the articles contained therein published in March 2015;

- No. TX 8-150-414 for Volume 9 covering 4 collective works and the articles contained therein published in April 2015;

- No. TX 8-210-772 for Volume 9 covering 5 collective works and the articles contained therein published in May 2015;

- No. TX 8-137-601 for Volume 9 covering 4 collective works and the articles contained therein published in June 2015;

- No. TX 8-164-011 for Volume 9 covering 5 collective works and the articles contained therein published in July 2015;

- No. TX 8-169-888 for Volume 9 covering 4 collective works and the articles contained therein published in August 2015;

- No. TX 8-170-154 for Volume 9 covering 4 collective works and the articles contained therein published in September 2015;

- No. TX 8-276-193 for Volume 9 covering 5 collective works and the articles contained therein published in October 2015;

- No. TX 8-274-825 for Volume 9 covering 4 collective works and the articles contained therein published in November 2015;

- No. TX 8-272-374 for Volume 9 covering 4 collective works and the articles contained therein published in December 2015;
- No. TX 8-228-020 for Volume 10 covering 4 collective works and the articles contained therein published in January 2016;
- No. TX 8-228-0038 for Volume 10 covering 4 collective works and the articles contained therein published in February 2016
- No. TX 8-277-773 for Volume 10 covering 4 collective works and the articles contained therein published in March 2016;
- No. TX 8-344-122 for Volume 10 covering 5 collective works and the articles contained therein published in April 2016;
- No. TX 8-285-228 for Volume 10 covering 4 collective works and the articles contained therein published in May 2016;
- No. TX 8-350-358 for Volume 10 covering 4 collective works and the articles contained therein published in June 2016;
- No. TX 8-327-965 for Volume 10 covering 5 collective works and the articles contained therein published in July 2016;
- No. TX 8-371-316 for Volume 10 covering 4 collective works and the articles contained therein published in August 2016;
- No. TX 8-341-785 for Volume 10 covering 5 collective works and the articles contained therein published in September 2016;
- No. TX 8-372-970 for Volume 10 covering 4 collective works and the articles contained therein published in October 2016;
- No. TX 8-351-630 for Volume 10 covering 4 collective works and the articles contained therein published in November 2016;
- No. TX 8-371-839 for Volume 10 covering 4 collective works and the articles contained therein published in December 2016;
- No. TX 8-389-221 for Volume 11 covering 4 collective works and the articles contained therein published in January 2017;
- No. TX 8-389-133 for Volume 11 covering 4 collective works and the articles contained therein published in February 2017;
- No. TX 8-384-884 for Volume 11 covering 5 collective works and the articles contained therein published in March 2017;
- No. TX 8-384-928 for Volume 11 covering 4 collective works and the articles contained therein published in April 2017;
- No. TX 8-430-673 for Volume 11 covering 4 collective works and the articles contained therein published in May 2017;

8

- No. TX 8-431-910 for Volume 11 covering 5 collective works and the articles contained therein published in June 2017;

- No. TX 8-430-385 for Volume 11 covering 4 collective works and the articles contained therein published in July 2017;

- No. TX 8-442-977 for Volume 11 covering 4 collective works and the articles contained therein published in August 2017;

- No. TX 8-442-939 for Volume 11 covering 5 collective works and the articles contained therein published in September 2017;

- No. TX 8-471-682 for Volume 11 covering 4 collective works and the articles contained therein published in October 2017;

- No. TX 8-506-109 for Volume 11 covering 4 collective works and the articles contained therein published in November 2017;

- No. TX 8-790-917 for Volume 11 covering 4 collective works and the articles contained therein published in December 2017;

- No. TX 8-675-970 for Volume 12 covering 3 collective works and the articles contained therein published in January 2018;

- No. TX 8-572-881 for Volume 12 covering 4 collective works and the articles contained therein published in February 2018;

- No. TX 8-582-274 for Volume 12 covering 4 collective works and the articles contained therein published in March 2018;

- No. TX 8-596-384 for Volume 12 covering 5 collective works and the articles contained therein published in April 2018;

- No. TX 8-598.961 for Volume 12 covering 4 collective works and the articles contained therein published in May 2018;

- No. TX 8-719-892 for Volume 12 covering 5 collective works and the articles contained therein published in June 2018;

- No. TX 8-681-652 for Volume 12 covering 4 collective works and the articles contained therein published in July 2018;

- No. TX 8-681-637 for Volume 12 covering 5 collective works and the articles contained therein published in August 2018;

- No. TX 8-664-307 for Volume 12 covering 4 collective works and the articles contained therein published in September 2018;

- No. TX 8-731-124 for Volume 12 covering 4 collective works and the articles contained therein published in October 2018;

- No. TX 8-694-333 for Volume 12 covering 4 collective works and the articles contained therein published in November 2018;

- No. TX 8-753-548 for Volume 12 covering 3 collective works and the articles contained therein published in December 2018;

- No. TX 8-748-786 for Volume 13 covering 4 collective works and the articles contained therein published in January 2019;

- No. TX 8-748-854 for Volume 13 covering 4 collective works and the articles contained therein published in February 2019;

- No. TX 8-758-134 for Volume 13 covering 5 collective works and the articles contained therein published in March 2019;

- No. TX 8-714-974 for Volume 13 covering 4 collective works and the articles contained therein published in April 2019;

- No. TX 8-807-598 for Volume 13 covering 5 collective works and the articles contained therein published in May 2019;

- No. TX 8-815-920 for Volume 13 covering 4 collective works and the articles contained therein published in June 2019;

- No. TX 8-821-888 for Volume 13 covering 4 collective works and the articles contained therein published in July 2019;

- No. TX 8-846-342 for Volume 13 covering 5 collective works and the articles contained therein published in August 2019;

- No. TX 8-838-978 for Volume 13 covering 4 collective works and the articles contained therein published in September 2019;

- No. TX 8-841-389 for Volume 13 covering 4 collective works and the articles contained therein published in October 2019;

- No. TX 8-842-665 for Volume 13 covering 4 collective works and the articles contained therein published in November 2019;

- No. TX 8-839-002 for Volume 13 covering 4 collective works and the articles contained therein published in December 2019;

- No. TX 8-858-939 for Volume 14 covering 5 collective works and the articles contained therein published in January 2020;

- No. TX 8-858-749 for Volume 14 covering 4 collective works and the articles contained therein published in February 2020;

- No. TX 8-874-913 for Volume 14 covering 4 collective works and the articles contained therein published in March 2020; and

- No. TX 8-876-561 for Volume 14 covering 4 collective works and the articles contained therein published in April 2020.

C.    **The NIW Copyright Notices**

21.    Plaintiffs have complied with the laws pertinent to providing notice of Plaintiffs'

copyrights in, and to, the NIW Publications and their other publications.  Specifically, Plaintiffs

provide copyright notices and warnings on their website, e-mails, articles and publications,

including the NIW Publications, so that third parties are aware of Plaintiffs' rights in their

publications and works of original authorship (the "Copyright Notice and Warnings").  As a

representative example, the Copyright Notice and Warnings contained in the e-mail transmitting

the March 15, 2019 Registered NIW Work state:

> Copyright © 2019 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – Contact customerservice@energyintel.com for more information.

(Exhibit C).

22.    As an additional representative example, the Copyright Notice and Warnings on the front

cover of the March 15, 2019 Registered NIW Work specifically state: "Copyright © 2019

Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding,

even for internal use, is prohibited."  (Exhibit A at 1).

23.    As a further representative example, Plaintiffs also use the following Copyright Notice

and Warnings in NIW:

> Copyright © 2019 by Energy Intelligence Group, Inc. [. . .] All rights reserved.  Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement. Additional

11

> copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

(Exhibit A at 10).

24.     Based on these representative examples of the Copyright Notice and Warnings set forth in the NIW Publications, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.

25.     Accordingly, Defendant knew or should have known that the March 15, 2019 Registered NIW Work and all other issues of the NIW Publications received by the Defendant and the articles contained therein were and are protected by U.S. copyright laws.

26.     The copyright notices appearing conspicuously on multiple materials received by the Defendant, including the NIW Publications, demonstrate Defendant's actual notice of Plaintiffs' copyrights in the Registered NIW Works received by the Defendant and the articles contained therein, all of which are protected by U.S. copyright laws.

27.     Defendant had constructive knowledge of Plaintiffs' copyrights in the Registered NIW Works based on receiving the Registered NIW Works containing the copyright notices prominently displayed in each of the NIW Publications.

28.     Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs have provided Defendant with complete and proper notice of Plaintiffs' copyrights in the Registered NIW Works.

**D.     Defendant's NIW Subscription History**

29.     From at least as early as November 2011 through the present, Defendant has maintained a subscription for two of its employees to each receive a single-copy of NIW and the articles therein by email delivery.

12

30.    One of the recipients of NIW, Mr. Kenneth Petersen, Vice President, Nuclear Fuels has been a designated recipient of NIW since November 9, 2011.

31.    On November 20, 2019, Defendant most recently renewed its subscription for Mr. Petersen and one other individual to each receive a single-copy of NIW via email delivery for a one-year period, which will expire on November 18, 2020.

32.    From at least as early as 2011 through the present, Plaintiffs transmitted to Defendant invoices and/or subscription agreements on an annual basis for the renewal of its subscription to NIW (the "NIW Agreements").  By way of example, the invoice and subscription agreement for Defendant's two-copy license to NIW, which was in effect on March 15, 2019 (the "2018-2019 NIW Agreement"), specifically states that:

> By payment of this invoice and/or use of EIG Services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown on the reverse side of this invoice.

A copy of the invoice and subscription agreement are annexed hereto as Exhibit D.

33.    The 2018-2019 NIW Agreement further states in part that:

> [a]ll unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights.

34.    Defendant has accepted the terms of the NIW Agreements as well as the subscription services provided by Plaintiffs under the NIW Agreements.

**E.    Defendant's Infringement of the Registered NIW Works**

35.    Plaintiffs have analyzed data reflecting Defendant's activity on the servers of the third-party email delivery service (the "Delivery Service") that delivers NIW to Defendant.  Although neither Plaintiffs nor the Delivery Service have ever accessed Defendant's servers or computer systems, various employees of Defendant have downloaded certain information and images

contained in the cover email provided with each issue of NIW from the Delivery Service's servers.

36.     The data from the Delivery Service's servers indicates that the emails delivering NIW were opened multiple times each day, using multiple unique devices.  Upon information and belief, Defendant has been copying and distributing copies of the Registered NIW Works to employees of Defendant.

37.     Upon information and belief, the email delivering the March 15, 2019 Registered NIW Work to Kenneth Petersen was opened approximately 102 times on 35 unique devices, in association with multiple copies of NIW and demonstrating that Defendant distributed copies of the March 15, 2019 Registered NIW Work to multiple employees of Defendant.

38.     Upon information and belief, between July 20, 2018 and October 18, 2019, the approximately 65 emails delivering NIW to Kenneth Petersen during that period were opened 880 times on 159 unique devices by various employees of Defendant and/or others, further demonstrating Defendant's copying and distribution of the Registered NIW Works to employees of Defendant and/or others.

39.     Upon information and belief, the unlawful copying and distribution of the Registered NIW Works by Defendant began as least as early as November 10, 2011 and has continued through to the present.

40.     Upon information and belief, Defendant's email servers, servers, and computer systems are highly secure and only those individuals or entities that Defendant designates may access them.

41.     Upon information and belief, Defendant's email servers, servers, and computer systems cannot be accessed by the general public or by Plaintiffs.

14

42.     Upon information and belief, despite notice of the numerous Copyright Notice and Warnings against reproduction and copying and the terms and conditions of Defendant 's subscriptions to NIW, Defendant has been making copies of the Registered NIW Works, and the articles contained therein, and forwarding or otherwise distributing the same, all in violation of Plaintiffs' copyrights in the Registered NIW Works.

43.     Plaintiffs have never authorized Defendant to copy, transmit, or distribute the Registered NIW Works in a manner exceeding the scope of its subscription licenses.

44.     Upon information and belief, Defendant actively and willfully infringed Plaintiffs' registered copyrighted works and concealed its regular and systematic copying and forwarding of the Registered NIW Works, and the articles contained therein, from Plaintiffs.

45.     By unlawfully copying, transmitting and distributing the Registered NIW Works, Defendant has, and is, violating Plaintiffs' exclusive rights to reproduce and distribute the Registered NIW Works.

46.     Upon information and belief, Defendant's acts of copying and distributing the Registered NIW Works constitute willful infringement of Plaintiffs' Registered NIW Works.

## <u>COUNT ONE</u>

### (INFRINGEMENT OF THE REGISTERED NIW WORKS)

47.     Plaintiffs repeat and reallege the allegations of Paragraphs 1-46 as though fully set forth herein.

48.     The Registered NIW Works are highly original and contain creative expression and independent analysis.  The individual works comprising the Registered NIW Works are original works copyrightable under 17 U.S.C. § 102(a).

49.  Plaintiffs owns all right, title, and interest in and to the Registered NIW Works and are the owners of valid copyright registrations for the Registered NIW Works. *See* Exhibit B.

50.  As the owner of the Registered NIW Works, Plaintiffs have the exclusive right to reproduce the Registered NIW Works and distribute copies of the Registered NIW Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

51.  Copies of the Registered NIW Works were made available to and were received by Defendant pursuant to subscription agreements for a two-copy license to NIW.

52.  Upon information and belief, Defendant has for years willfully copied and distributed the Registered NIW Works on a consistent and systematic basis, without Plaintiffs' authorization or consent, and concealed these activities from Plaintiffs.

53.  Based on the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, in the language in the subscription agreements, including the Registered NIW Works, in the language of the subscription agreements, in the transmittal cover emails delivering the NIW publications to Defendant, and on Plaintiffs' website, Defendant knew and/or was on notice that the Registered NIW Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

54.  Defendant's subscription agreements for a two-copy license to NIW, and U.S. copyright law, prohibit copying and distributing of the Registered NIW Works. 17 U.S.C. § 501(a).

55.  Upon information and belief, Defendant willfully infringed the copyrights in the Registered NIW Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

16

56.     Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of

1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights

in the Registered NIW Works.  Defendant's past and continuing copying, transmitting, and

distribution of Plaintiffs' Registered NIW Works constitute a willful, deliberate, and ongoing

infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

57.     Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing claim as

follows:

(1)     That Defendant, its directors, officers, agents, subsidiaries, and affiliates, and all

persons acting by, through, or in concert with any of them, be permanently enjoined

from infringing any copyrights of Plaintiffs in any manner, and from copying,

exhibiting, transmitting, displaying, distributing, or preparing derivative works from

any of the copyrighted material in any past, present, or future issue of NIW, including

the Registered NIW Works and the articles contained therein;

(2)     That Defendant be required to pay to Plaintiffs such actual damages as it has

sustained and/or statutory damages as a result of Defendant's copyright infringement

pursuant to 17 U.S.C. § 504, which should be increased due to Defendant's willful

infringement pursuant to 17 U.S.C. § 504(c)(2);

(3)     That Defendant be required to account for and disgorge to Plaintiffs all gains, profits,

and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

17

(4)    That the Court issue an Order requiring Defendant to hold harmless and indemnify

Plaintiffs from any claim(s) raised by any third party who allegedly relied on any of

Plaintiffs' publications it received as a result of Defendant's unauthorized use of the

Plaintiffs' copyrighted materials;

(5)    That the Court enter judgment against Defendant in favor of Plaintiffs' claims,

including pre-judgment and post-judgment interest, as allowed by law;

(6)    That the Court enter judgment against Defendant finding that its unlawful copying,

transmitting, and distributing of the Registered NIW Works and the articles contained

therein was willful;

(7)    That Defendant be ordered to pay to Plaintiffs their costs in this action along with

reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(8)    That Plaintiffs be granted such other, further, and different relief as the Court deems

just and proper.

Dated:  July 8, 2020                            Respectfully submitted,

                                    By:    /s/Katherine Laatsch Fink

                                           Binal J. Patel
                                           Illinois Bar No. 6237843
                                           bpatel@bannerwitcoff.com
                                           Katherine Laatsch Fink
                                           Illinois Bar No. 6292806
                                           kfink@bannerwitcoff.com
                                           Banner & Witcoff, Ltd.
                                           71 South Wacker Drive
                                           Suite 3600
                                           Chicago, IL 60606
                                           Telephone: (312) 463-5000
                                           Facsimile: (312) 463-5001


                                           Robert L. Powley
                                           rlpowley@powleygibson.com

18

New York State Bar No. 2467553
James M. Gibson
jmgibson@powleygibson.com
New York State Bar No. 2622629
POWLEY & GIBSON, P.C.
60 Hudson Street, Suite 2203
New York, NY 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

*Attorneys for Plaintiffs*,
ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE GROUP
(UK) LIMITED