**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, | |
| Plaintiffs, | Civil Action No. 20-cv-03983 (JBG)(HKM) |
| v. | |
| EXELON GENERATION CO., | |
| Defendant. | |

## JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULE

Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited ("Plaintiffs") and Defendant Exelon Generation Company, LLC. ("Exelon") ("Plaintiffs" and "Defendant" hereafter, collectively, the "Parties") respectfully submit this joint status report and proposed schedule pursuant to Fed. R. Civ. P. 26(f)(3) and the Standing Orders in Section 1 of this Court's Case Management Packet.

### I.  PRIOR PROCEEDINGS AND CURRENT CASE STATUS

Plaintiffs commenced this action on July 8, 2020. (Dkt. No. 1.)  On October 12, 2020, Defendant timely filed a Motion to Dismiss Plaintiffs' Complaint, on extension. On April 21, 2021, the Court entered an Order denying Defendant's Motion to Dismiss (Dkt. No. 36) and set the deadline to submit an initial status report to May 12, 2021.  By request and agreement of the parties, the Court extended that deadline to May 28, 2021. (Dkt. No. 42). Defendant filed its Answer, Affirmative Defenses, and Counterclaims on May 19, 2021.  (Dkt. No. 44).

There are no unresolved motions at this time.

Plaintiffs are represented by Robert L. Powley, James M. Gibson and Stephen Ankrom of Powley & Gibson, P.C and Binal J. Patel and Katherine Laatsch Fink of Banner & Witcoff, Ltd. Defendant is represented by Sondra A. Hemeryck, Louis A. Klapp, Rachel Sifuentes, and Rodney Perry of Riley Safer Holmes & Cancila LLP.

## II. BASIS FOR JURISDICTION

This Court has subject matter jurisdiction over EIG's copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Plaintiffs allege that this Court has personal jurisdiction over Exelon because Exelon is present and doing business in the State of Illinois and in this District and many of the acts of copyright infringement alleged in Plaintiffs' Complaint took place in this District.

Plaintiffs allege that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

Defendant has not challenged the Court's subject matter jurisdiction, personal jurisdiction or venue, and is now itself a counterclaim plaintiff.

## III. NATURE OF THE CASE

### a. PLAINTIFFS' CLAIMS

This is a case for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.* EIG and its predecessors-in-interest have published newsletters and other publications for the global energy industry for almost seventy years. Exelon has subscribed to EIG's copyrighted weekly publication *Nuclear Intelligence Weekly* ("NIW") since at least as early as November 2011 through the filing of Plaintiffs' Complaint on July 8, 2020 pursuant to annual subscription agreements providing for two of its employees to each receive a single-copy of NIW and the articles therein by email delivery. EIG alleges that Exelon has infringed on EIG's exclusive rights under 17 U.S.C. § 106 by making and distributing copies of NIW beyond what was

2

permitted under its subscription agreements. EIG alleges that Exelon infringed EIG's copyrights by receiving, copying and distributing electronic copies of NIW without license or permission to do so. EIG further alleges that Defendants' infringement of EIG's copyrights was willful.

EIG emphatically disagrees with Defendant's characterization of EIG below and in Defendant's earlier court filings to date which are not directed to the facts or the merits of the case but instead are merely attempts to smear and damage EIG's reputation. Defendant is a corporation who had the resources to easily purchase enough subscriptions of NIW to meet its needs but chose instead to infringe EIG's copyrights by stealing. Despite Defendant's efforts to trivialize matters, copyright infringement is a significant problem for the U.S. economy in general and digital publishers like EIG, and the taking of intellectual property is no different than the misappropriation of any asset. As in the present matter, Defendant serially infringed EIG's copyrighted works hoping to hide its infringement behind its computer firewalls hidden from all public detection and EIG's sales personnel. Defendant, in fact, continued year after year to maintain it only needed one copy of the subject publication. Further, EIG is certain that Defendant's copyright infringement will be in direct conflict with Defendant's own corporate policies, which likely prohibit copyright infringement. Additionally, Defendant's counterclaims and affirmative defenses, including copyright misuse, unclean hands, fraud, and allegations regarding "entrapment" of subscribers, have been litigated in previous cases, including at the Circuit Court level, and have been found to have no legal or factual merit. Defendant should be well aware of these previous rulings, and yet, Defendant has elected to revisit these meritless allegations. Future filings and discovery will show that Defendant's claims will similarly be found to have no merit here and will be dismissed at the appropriate time.

### b. DEFENDANT'S CLAIMS

Defendant denies that it is liable for copyright infringement, asserts affirmative defenses, and asserts the following counterclaims against Plaintiffs: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq*.; (2) fraud under Illinois common law; and (3) fraud in the inducement under Illinois common law. Defendant alleges that, when interacting with Defendant's employees, Plaintiffs concealed, suppressed, and omitted the fact that they entrap their customers using a systematic plan to manufacture copyright infringement claims for the purpose of extorting windfall settlements from their customers. Had Defendant been aware of Plaintiffs' true intent, unsavory business practices, and desire to entrap and extort it, Defendant would not have subscribed to NIW and would not have provided information to Plaintiffs' editors and reporters, which Plaintiffs used in furtherance of their publications. As a result of Plaintiffs' misconduct, Defendant has suffered actual damages, and Defendant further seeks an award of punitive damages and disgorgement of Plaintiffs' profits obtained as a result of their fraudulent and unfair actions, with interest.

## IV. DISCOVERY

Counsel for the Parties have met and conferred about preliminary discovery topics and ESI generally, as outlined below, and they plan to continue such discussions, if necessary, as the case progresses.

### 1. Initial Disclosures

The Parties participated in a Rule 26(f) telephone conference on April 28, 2021. Participants in the telephone conference were James M. Gibson and Stephen M. Ankrom (for Plaintiffs) and Sondra A. Hemeryck and Rachel F. Sifuentes (for Defendant). The parties have exchanged Initial Disclosures.

4

**2.      Protective Order**

The Parties have agreed to submit a proposed Protective Order to the Court by the date indicated in Exhibit A.

**3.      Limitations on Discovery**

At this time, the Parties propose no changes to the provisions of FRCPs 30, 33 or 34.

**4.      ESI - Production Format**

The Parties have discussed, in general, the need for agreed parameters for the format of production for ESI, and they will work together to agree on such parameters prior to the exchange of electronic discovery in this case.

**5.      Privilege Logs**

The Parties agree to produce a Privilege Log for all documents they are claiming privilege for up to the date of the filing of the Complaint.

**6.      Case Schedule**

The Parties propose the case schedule annexed hereto as Exhibit A.

**V.   SETTLEMENT**

In May 2020, prior to the filing of the Complaint, Plaintiffs wrote to Defendant in an effort to engage in settlement negotiations prior to commencing litigation if Defendant would execute an agreement to toll any limitations period. Plaintiffs sought information regarding Defendant's use of Plaintiffs' publications so that the parties could make informed decisions as part of settlement negotiations. Defendant did not respond to Plaintiffs' correspondence. During the April 28, 2021, Rule 26(f) conference, the parties discussed the possibility of engaging in a settlement conference or mediation prior to commencing formal discovery.  The parties could not agree on a mutually acceptable scope of informal discovery.

The parties disagree as to the scope of potential damages based on the positions regarding Plaintiffs' discovery of Defendant's alleged infringement. In addition, Plaintiffs believe that Defendant, by presenting its affirmative defenses and counterclaims, is not addressing settlement in good faith.  Plaintiffs further assert that, because all of the infringing activity alleged in the Complaint occurred on Defendant's secure server and is solely in Defendant's possession, Plaintiffs are not in a position to discuss settlement at this time. However, Plaintiffs remain open to mediation and settlement discussions once Defendant discloses sufficient discovery for Plaintiffs to assess the scope and duration of the alleged infringement; only then will settlement discussions possibly be beneficial.

Defendant remains open to a coordinated disclosure of information and subsequent mediation.

The parties agree to work cooperatively to focus their early discovery efforts on seeking and producing information most relevant to settlement.  The parties will jointly request a settlement conference or mediation if they believe it will help resolve this litigation.

## VI.  CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The Parties do not consent to proceed before a Magistrate Judge.

## VII. ESTIMATED LENGTH OF TRIAL

The Parties currently estimate the length of trial to be 4-5 days.

Respectfully submitted,

By: /s/Robert L. Powley

Robert L. Powley (Attorney-In-Charge)
rlpowley@powleygibson.com
(admitted *pro hac vice*)
James M. Gibson
jmgibson@powleygibson.com
(admitted *pro hac vice*)
Stephen M. Ankrom
smankrom@powleygibson.com

/s/ Louis A. Klapp

Sondra A. Hemeryck
Louis A. Klapp
Rachel F. Sifuentes
Rodney Perry

RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison, Suite 2900
Chicago, Illinois 60602

(admitted *pro hac vice*)

POWLEY & GIBSON, P.C.
60 Hudson Street, Suite 2203
New York, NY 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

and

Binal J. Patel (6237843)
bpatel@bannerwitcoff.com
Katherine Laatsch Fink (6292806)
kfink@bannerwitcoff.com

BANNER & WITCOFF, LTD.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001

Attorneys for Plaintiffs ENERGY
INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK)
LIMITED

Phone: (312) 471-8700
Fax: (312) 471-8701
shemeryck@rshc-law.com
rsifuentes@rshc-law.com
rperry@rshc-law.com
Attorneys for Defendant
EXELON GENERATION COMPANY, LLC

## EXHIBIT A

| EVENT | DATE |
|---|---|
| Submission of Proposed Stipulated Protective Order | Wednesday, June 16, 2021 |
| Last Date to Stipulate or File a Motion for Leave to Amend Pleadings or to Add Parties | Monday, October 25, 2021 |
| Close of Fact Discovery | Friday, April 15, 2022 |
| Opening Expert Reports [issues on which party carries the burden of proof] | Monday, May 16, 2022 |
| Responsive Expert Reports | Wednesday, June 14, 2022 |
| Close of Expert Discovery | Friday, July 22, 2022 |