## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC., ET AL., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> CONSTELLATION ENERGY GENERATION, LLC., <br><br> Defendant and Counterclaim Plaintiff. | No. 20 CV 053983 and 21 CV 05689 <br><br> District Judge Gottschall <br><br> Magistrate Judge McShain |

### ORDER

Pending before the Court is a motion by Plaintiffs and Counterclaim Defendants Energy Intelligence Group Inc. and Energy Intelligence Group (UK) Limited (collectively, "EIG") asking the Court to compel Defendant and Counterclaim Plaintiff Constellation Energy Generation, LLC ("Constellation") to fully answer Interrogatory No. 16, or in the alternative, for leave for both parties to serve five additional interrogatories up to 30. [140].[1] The Court has reviewed EIG's motion [140], Constellation's response [142], and the associated exhibits. For the following reasons, EIG's motion is denied to the extent that the Court finds that Constellation did not waive its numerosity objection to Interrogatory No. 16, but granted with respect to EIG's alternative request that both parties be given leave to serve up to 30 interrogatories.

### Discussion

EIG's Interrogatory No. 16 asks Constellation to "[d]escribe the factual basis for Defendant's affirmative defenses and counterclaims." [140-2] 4. Constellation responded by objecting that the interrogatory comprises 15 distinct subparts, because it asks for the basis for Constellation's nine affirmative defenses and six counterclaims, and thus essentially counts as 15 separate interrogatories. [*Id.*] 5. Therefore, according to Constellation, the interrogatory constitutes five more

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

1

interrogatories than the 25 limit set by Federal Rule of Civil Procedure 33. [*Id.*] 5. Constellation proceeded to answer the first 10 subparts of the Interrogatory with respect to its nine affirmative defenses and one of its counterclaims, but objected to answering further for its remaining counterclaims as beyond the limit imposed by Rule 33. [*Id.*]. Constellation went on to object and refused to answer Interrogatory No. 17 on the same grounds that it was beyond the limit imposed by Rule 33. [*Id.*] 21-22.

After being unable to resolve their disagreement over Constellation's objection to Interrogatory No. 16, EIG filed a motion to compel a complete response, or alternatively, for leave for both parties to serve five additional interrogatories up to 30. [140]. EIG first argues that Constellation waived its numerosity objection by partially responding to the interrogatory. [140] 2. In support of its alternative request, EIG argues that it needs additional interrogatories in order to "gain a complete understanding of the factual and legal basis for Constellation's five counterclaims not addressed by Constellation in its current response to Interrogatory No. 16." [*Id.*] 5. EIG further argues that its request for additional interrogatories is proper under Rule 26. [*Id.*] 7.

In response, Constellation argues that it did not waive any objection, because it only answered up to the amount of interrogatories it contends met the 25 limit, which it is permitted to do. [142] 4-5. Further, Constellation argues that EIG has not made the requisite showing that additional interrogatories are needed, and that the request is improper under Rule 26 because (1) the additional interrogatories would be cumulative, (2) EIG could have sought the information from other sources, (3) EIG had ample opportunity to explore the basis for Constellation's counterclaims, and (4) the burden to Constellation outweighs the purported benefit to EIG. [*Id.*] 9, 11.

As an initial matter, the Court rejects EIG's argument that Constellation waived its numerosity objection. When a party responding to interrogatories "decides to answer some or all of the allegedly excessive interrogatories, it waives its objection that the requesting party has violated Rule 33's limit on the number of interrogatories a party may serve." *See HMV Indy I, LLC v. Inovateus Solar, LLC*, No. 1:19-cv-01436, 2020 WL 9607044, at *3 (S.D. Ind. Sept. 28, 2020) (citations omitted). However, as EIG itself recognizes in its motion, "[w]hen a party is confronted with what it believes to be an excessive number of interrogatories," it may either "move for a protective order before answering any interrogatories *or 'answer up to the numerical limit and object to the remainder without answering.'" See id.* (emphasis added) (citations omitted); *see also Paananen v. Cellco P'ship*, No. CO8-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("[T]he best rule, and the one this Court applies here, is that a responding party must answer the first twenty-five interrogatories. If it answers more, the numerosity objection is waived as to those interrogatories that were answered.").

2

Here, the Court finds that Constellation's response to Interrogatory No. 16 was proper. Constellation answered the first 10 subparts of Interrogatory No. 16 by providing responses for its nine affirmative defenses and one of its counterclaims, and it objected to answering for the remaining 5 counterclaims, as well as to answering Interrogatory No. 17, as beyond the 25-interrogatory limit. [140-2] 4-20. Constellation did not "selectively" answer only those requests that it wanted to, nor did it answer anything in excess of the 25-interrogatory limit. It thus did not waive its objection. *See HMV Indy I, LLC*, 2020 WL 9607044, at *3; *cf. Paananen*, No. CO8-1042, 2009 WL 3327227, at *5 (holding that the responding party waived its numerosity objection because, instead of only responding to the first 25 interrogatories including discrete subparts, it selectively chose which interrogatories to answer and responded to certain interrogatories beyond the 25 limit).

EIG's arguments and case citations to the contrary are unpersuasive. Indeed, as Constellation points out in response, the cases cited by EIG merely reinforce the general rule that a party may not selectively pick and chose which interrogatories to answer and waives any objection if the party answers excessive interrogatories. *See* [142] 5-6. But as already noted, the Court finds that is not what Constellation did here. EIG's request that the Court compel Constellation to respond to Interrogatory No. 16 on the basis that it waived its objection is therefore denied.

However, although the Court finds that Constellation did not waive its numerosity objection and properly only answered up to the 25-interrogatory limit set by Rule 33, the Court also finds that EIG's alternative request that each party be granted leave to serve five additional interrogatories up to 30 is appropriate and should be granted. "In order to exceed the prescribed limit [of interrogatories], a party must make a particularized showing of need." *Generation Brands, LLC v. Decor Selections, LLC*, 2021 WL 66488, at *1 (N.D. Ill. Jan. 7, 2021) (collecting cases). Further, the Court must keep in mind the limits on discovery imposed by Rule 26, and it should not grant a request for additional interrogatories where (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source; (2) the party seeking discovery has had ample opportunity in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i-iii). The decision of whether to grant additional interrogatories is within the Court's broad discretion to manage discovery. *See Generation Brands, LLC,* 2021 WL 66488, at *1

Here the Court finds that EIG has made the requisite "particularized showing" for additional interrogatories, and that its request is proper under Rule 26. The Court credits EIG's argument that it requires the additional interrogatories to test the bases of Constellation's counterclaims, and agrees that such additional contention interrogatories are a proper means to do so and may help streamline the issues in the case. While Constellation argues that the general usefulness of contention interrogatories does not demonstrate a particular "need" for additional requests, the

3

Court notes that the need arises here in large part due to the number of affirmative defenses and counterclaims Constellation has chosen to allege. *See, e.g., Boggs v. BP Expl. & Prod. Inc.*, No. 16-cv-13476, 2021 WL 4262670, at *3 (E.D. La. Sept. 20, 2021) (granting plaintiff's request for additional interrogatories because "Defendants chose to allege their numerous affirmative defenses, now Plaintiff simply seeks more information about them"). It would be an odd result to hold that EIG must test each defense and counterclaim separately, as Constellation argues EIG should, while granting EIG no leeway for additional requests based on the number of defenses and counterclaims involved.

The Court acknowledges that Constellation's 15 affirmative defenses and counterclaims are not overly excessive, and the situation is somewhat distinguishable from the *Boggs* case cited by EIG, where three separate defendants alleged over 30 affirmative defenses each. However, EIG's request here for five additional interrogatories is also more modest than in *Boggs*, where the plaintiff was granted leave to issue 60 interrogatories on a defendant that alleged 32 affirmative defenses, and 47 interrogatories on another that alleged 49 affirmative defenses. *Boggs*, 2021 WL 4262670, at *3. EIG's request is thus appropriately tailored to its particularized need here for information about Constellation's other five counterclaims.

As to whether additional requests would be proper under Rule 26, the Court finds that Constellation's arguments are unpersuasive. As a general matter, Constellation's arguments are vastly undercut by the simple fact that it answered the rest of Interrogatory No. 16's other discrete subparts related to its nine affirmative defenses and one of its other counterclaims. Constellation is claiming here that additional interrogatories on its remaining five counterclaims are improper under Rule 26 because they would be cumulative, EIG should have sought the discovery sooner and by other means, and because the burden outweighs the benefit. But the same would presumably have been the case for the other 10 interrogatories related to Constellation's other counterclaim and defenses which Constellation decided to answer. The Court does not believe the same types of contention interrogatories suddenly become improper under Rule 26 merely because they go beyond the 25-limit under Rule 33. In short, Constellation proved itself fully capable of responding to the same types of requests regarding its other counterclaim and its affirmative defenses, and in doing so the Court believes it has essentially conceded such requests are proper under Rule 26.

In case there is any doubt, the Court holds the request for additional interrogatories is proper under Rule 26. As to whether the requests would be unnecessarily cumulative or the discovery could be sought from a different, less burdensome source, EIG notes that each additional interrogatory would relate to separate and discrete counterclaims, and it maintains it has attempted to seek the requested information through other forms of discovery such as document requests and depositions, but has been unable to identify the factual support for

4

Constellation's counterclaims. [140] 6-8. The Court agrees the additional requests would not be cumulative, as they would cover Constellation's other discrete counterclaims for which it has not yet answered. As to EIG's attempts to seek the discovery from other sources, the Court has already noted it agrees such contention interrogatories are a proper means of discovery into the information EIG seeks. And notably, as EIG points out in its motion, Constellation itself has expressly argued the same thing. Specifically, in response to EIG's previous motion to compel requesting that Constellation identify by Bates number the documents which support its counterclaims and defenses, Constellation argued that "[i]f EIG wants to reasonably explore the factual basis of Constellation's counterclaims and defenses, Rule 33 provides the proper means to do so." [136] 8. The Court ultimately agreed with Constellation that Rule 34 did not require it to label its document production in the manner EIG had requested, and that the proper avenue for EIG to test the factual support of Constellation's counterclaims was Rule 33. Constellation's attempts to now backtrack from this argument and suggest that EIG should have pursued the discovery from some means other than contention interrogatories is unavailing.

As to whether EIG could have sought the information sooner, the Court does not find the timing of EIG's request and current motion problematic. The parties have been engaged in several ongoing and contentious discovery disputes for at least the past five months, culminating in several motions to compel. *See* [130]; [139]. The timing of EIG's latest motion is understandable given how discovery has evolved over these past several months as the Court has ruled on the parties' various discovery disputes. Indeed, as alluded to above, EIG's current motion only became necessary after the Court denied EIG's request that Constellation label its production.

Finally, the Court does not find EIG's request unduly burdensome. Constellation notably fails to articulate any specific burden it would face from EIG's request for five additional interrogatories. Instead it merely asserts that the interrogatory limit is generally meant to prevent "costly" and "harassing" discovery practice, and argues in conclusory fashion that any benefit to EIG is slight and outweighed by the respective burden. [142] 13-14. But any burden to Constellation in answering five additional contention interrogatories is slight compared to the benefit to EIG in testing the factual basis of Constellation's counterclaims and streamlining the issues in the case. Further, EIG has made its request reciprocal, so that Constellation too would be permitted to serve five additional interrogatories. Thus any burden to Constellation is balanced by an equal burden to EIG in answering additional requests.

In sum, the Court finds EIG's request proper under Rule 26. The Court thus grant's EIG's alternative request for leave for both parties to serve 30 interrogatories. The Court notes that EIG has technically already served 31 interrogatories counting the 15 subparts of Interrogatory No. 16, and Interrogatory No. 17. To be clear then, while Constellation now needs to answer the remaining five subparts of Interrogatory

5

No. 16 with respect to its other counterclaims, it still does not need to answer Interrogatory No. 17 as over the increased limit of 30.

## Conclusion

For the forgoing reasons, EIG's motion [140] is denied in part as to the request to compel Constellation to respond to Interrogatory No. 16, but granted in part with respect to EIG's alternative request that both parties be given leave to serve up to 30 interrogatories.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 22, 2022**